United States District Court
Southern District of Texas

**ENTERED**

April 02, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISARY LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-01111 |
| | § | |
| FREEDOM MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Freedom Mortgage Corporation's ("Defendant") Motion to Dismiss. (Doc. No. 6). Plaintiff Isary Lopez ("Plaintiff") filed a response, (Doc. No. 13), and Defendant replied, (Doc. No. 14). Having reviewed these documents, the record, and the applicable law, the Court hereby **CONDITIONALLY GRANTS** Defendant's Motion to Dismiss. (Doc. No. 6).

## BACKGROUND

The facts described herein are alleged in Plaintiff's Petition and taken as true for purposes of the Motion to Dismiss.

This is a dispute involving the real property located at 2542 Llano Springs Dr., Katy, Texas 77494 (the "Property"). (Doc. No. 1-1 at 4). Plaintiff has occupied this address as her primary residence and homestead since June 2022. Freedom Mortgage Corporation is the lender on the property and serves as the mortgage servicer. (*Id.*).

Plaintiff testified in her Affidavit that she "fell behind" on her mortgage payments because of a decrease in her income and a $1,000 increase in her monthly mortgage payments due to a "miscalculation by the bank regarding property taxes combined with the county increasing [her] home valuation by $100,000 in one year." (Doc. No. 1-1 at 14) (Affidavit of Isary Lopez). Plaintiff alleges that Defendant "was negligent in the service of the loan" by failing to pay Plaintiff's property taxes from "the escrow account." (Doc. No. 1-1 at 5). Plaintiff alleges that when she first contacted Defendant about this, Defendant advised her that the taxes were her responsibility to pay outside of her mortgage payment. (*Id.*). Three months later, Plaintiff avers that Defendant "relented, admitted its mistake, and partially corrected the problem." (*Id.*). Plaintiff testified that it "took three months of repeated calls and documentation" before the bank issued a $2,000 credit to her account, which "did not bring the account current nor [make] up for the escrow shortfall caused by the bank's error." (Doc. No. 1-1 at 14).

To resolve this situation, Plaintiff allegedly applied for a loan modification in August 2024 and was "placed on a forbearance while the lender reviewed the options." (*Id.*); (Doc. No. 1-1 at 14). Plaintiff testified that on December 6, 2024, she contacted the bank and was told that her application was still "under review" and that they would contact her if they needed any additional documents. (Doc. No. 1-1 at 14). Plaintiff avers that Defendant "never provided a written denial of [her] modification request, as required by law, before moving forward with foreclosure proceedings." (*Id.*). Further, Plaintiff maintains that Defendant failed to provide proper foreclosure notices. Plaintiff alleges that Defendant did not send a 20-day default notice to cure or a Notice of Acceleration. (*Id.*). Plaintiff avers that she only learned of the foreclosure from "real estate investors." (Doc. No. 1-1 at 5).

On February 28, 2025, Plaintiff filed her Original Verified Petition in the 268th Judicial District of Fort Bend County, Texas. *See* (Doc. No. 1-1). Plaintiff asserted claims against Defendant for breach of contract, violations of the Real Estate Settlement Procedures Act ("RESPA"), negligence, and injunctive relief. *See* (*id.* at 6–11). Plaintiff also requested that the state court issue a Temporary Restraining Order ("TRO") preventing the foreclosure sale set for March 4, 2025. *See* (*id.* at 11). The court did so. *See* (*id.* at 23). Defendant then removed the case to this Court based on diversity jurisdiction and federal question jurisdiction. (Doc. No. 1). Defendant has now filed a Motion to Dismiss each of Plaintiff's claims. *See* (Doc. No. 6).

## LEGAL STANDARD

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

3

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* Additionally, in deciding a motion to dismiss, "the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir.2003).

## ANALYSIS

Defendant's Motion asserts that Plaintiff's allegations lack any factual basis or legal basis and cannot support plausible claims for relief. *See* (Doc. No. 6 at 1).

### I.    Plaintiff's Breach of Contract Claim

First, Defendant argues that Plaintiff cannot establish a claim that Defendant breached the Deed of Trust by failing to comply with Section 51.002 of the Texas Property Code. (Doc. No. 6 at 3). Defendant avers that Plaintiff has no cause of action that Defendant breached the contract when Plaintiff's initial breach (default on the loan) and failure to cure led to Defendant's notice of foreclosure sale. (*Id.* at 3–4). Additionally, Defendant asserts that Plaintiff cannot establish actual damages proximately caused by Defendant's alleged breach because she only pleads damages related to the scheduled foreclosure sale and the state court TRO she obtained already prevented such sale. (*Id.* at 4). Lastly, Defendant contends that Plaintiff only has a cause of action under the relevant provisions of the Texas Property Code if a foreclosure sale has occurred, and Plaintiff is currently still in possession of the Property and no future foreclosure sale is scheduled, meaning Plaintiff has no cause of action. (*Id.*).

The essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). Plaintiff asserts that Defendant breached the Deed of Trust by violating Section 51.002 of the Texas Property Code when Defendant (1) failed to send a 20-day notice to cure prior to sending a notice of sale, and (2) failed to send the Notice of Acceleration via certified mail. (Doc. No. 1-1 at 6–8).

Section 51.002(d) of the Texas Property Code requires mortgage servicers to "serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default" and give the debtor "20 days to cure the default before notice of sale can be given."[1] TEX. PROP. CODE § 51.002(d). While Plaintiff argues that Defendant violated Section 51.002 by not sending the Notice of Acceleration via certified mail, Plaintiff does not point the Court to any section of the Texas Property Code supporting this argument. *See* (Doc. No. 1-1 at 7–8). Generally, "[t]he following two elements are required for a valid acceleration: (1) notice of intent to accelerate, and (2) notice of acceleration." *Morlock, L.L.C. v. HSBC Bank USA, N.A.*, 2017 WL 9249490, at *3 (S.D. Tex. Jan. 17, 2017), *report and recommendation adopted*, 2017 WL 1100940 (S.D. Tex. Mar. 24, 2017) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

The Court agrees with Defendant that Plaintiff has not asserted a valid breach of contract claim against Defendant. "The Fifth Circuit has held that a mortgagor who has defaulted on the underlying note cannot maintain a cause of action for a mortgagee's subsequent breach of the deed

---

[1] Plaintiff's Petition quotes Texas Property Code Section 51.002(d) but states that it is Section 51.002(b). *See* (Doc. No. 1-1 at 6). For the purposes of this order, the Court treats this claim as arising under Section 51.002(d).

of trust because 'a party in default cannot assert a claim for breach against the other party.'" *James v. Wells Fargo Bank, N.A.*, 2014 WL 2123060, at \*7 (S.D. Tex. May 21, 2014) (citing *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir.2013); *Thomas v. EMC Mortgage Corp.*, 499 F. App'x 337, 341 (5th Cir.2012)). Plaintiff openly admits in her Petition and Affidavit that she was in default on her mortgage payments. *See* (Doc. No. 1-1 at 5 ¶ 15); (Doc. No. 1-1 at 13 ¶ 4) ("I fell behind on my mortgage"). Thus, Plaintiff cannot maintain a cause of action for breach of contract against Defendant. That being the case, the Court need not address Defendant's other arguments for dismissal.

Accordingly, the Court grants Defendant's Motion to Dismiss regarding Plaintiff's breach of contract claim.

## II. Plaintiff's RESPA Claims

Second, Defendant argues that Plaintiff's claims for violations of RESPA under 12 C.F.R. § 1024.39 and 12 C.F.R. § 1024.41 should be dismissed.[2] Section 1024.39 provides that:

> [A] servicer shall establish or make good faith efforts to establish live contact with a delinquent borrower no later than the 36th day of a borrower's delinquency and again no later than 36 days after each payment due date so long as the borrower remains delinquent. Promptly after establishing live contact with a borrower, the servicer shall inform the borrower about the availability of loss mitigation options . . . .

---

[2] Plaintiff's Petition states that "Defendants violated RESPA section 6(f), 12 U.S.C. § 2614, 12 C.F.R. § 1024.39, and 12 C.F.R. § 1024.41." (Doc. No. 1-1 at 8). 12 U.S.C. § 2614, however, concerns the jurisdiction of courts. *See* 12 U.S.C. § 2614. Additionally, RESPA section 6(f) is merely the provision by which a borrower "may enforce the provisions" of Section 1024.41. 12 C.F.R. § 1024.41. While the section of Defendant's Motion concerning this claim avers that the Court should dismiss only Plaintiff's claim for violation of 12 C.F.R. § 1024.41, Defendant's argument appears to combine Plaintiff's two alleged RESPA violations. *See* (Doc. No. 6 at 5) ("Plaintiff alleges that Freedom violated 12 CFR § 1024.41 by scheduling a foreclosure sale for March 4, 2025 [even though Plaintiff] 'had not been offered any loss mitigation options.'"). The Court, therefore, will discuss Plaintiff's RESPA claims under 12 C.F.R. § 1024.39 and 12 C.F.R. § 1024.41.

12 C.F.R. § 1024.39(a). Section 1024.41 applies where "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale," and requires the servicer "within 30 days of receiving the complete loss mitigation application" to "[e]valuate the borrower for all loss mitigation options available to the borrower; and . . . [p]rovide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage." 12 C.F.R. § 1024.41.

Defendant asserts that Plaintiff's RESPA claims fail because Plaintiff failed to assert that her alleged complete loss mitigation application was her first loss mitigation application. (Doc. No. 6 at 5). Defendant contends that 12 C.F.R. § 1024.41 "only applies to a borrower's first loss mitigation application." (*Id.*). Further, Defendant maintains that Plaintiff must show a causal link between the RESPA violations and her alleged injuries. Defendant avers that given the fact that Plaintiff admitted default, she cannot sufficiently allege that the noticed foreclosure was a result of Defendant's alleged violations of RESPA. (*Id.* at 6). Defendant argues that Plaintiff does not allege actual damages resulting from the RESPA violations, considering she remains on the Property and no foreclosure sale occurred. Moreover, Defendant claims that Plaintiff cannot demonstrate that Defendant engaged in a pattern of noncompliance entitling her to statutory damages, as required by 12 U.S.C. § 2605. (*Id.*).

In her Petition, Plaintiff argues that Defendant violated 12 C.F.R. § 1024.39 by "failing to provide accurate information to Plaintiff[] for loss mitigation options and foreclosure." (Doc. No. 1-1 at 8). Although not raised by Defendant, the Court notes that courts in the Southern District of Texas have recognized that Section 1024.39 does not provide a private cause of action. *See Vallier v. Nationstar Mortg., LLC*, 2018 WL 1319166, at *5 (S.D. Tex. Feb. 1, 2018), *report and recommendation adopted*, 2018 WL 1322247 (S.D. Tex. Mar. 13, 2018) ("[T]here is no private

7

cause of action for any violation of 12 C.F.R. §§ 1024.35 or 1024.39.'"); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *4 (S.D. Tex. June 23, 2017), aff'd, 726 F. App'x 221 (5th Cir. 2018) ("Section 1024.39 'do[es] not explicitly provide a cause of action to private individuals.'" (citing *Brown v. Bank of N.Y. Mellon*, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) (citing *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed.Appx. 355, 359 (5th Cir. 2016)))). Accordingly, Plaintiff's RESPA claim under 12 C.F.R. § 1024.39 fails, and the claim is dismissed.

Next, Plaintiff contends that Defendant violated 12 C.F.R. § 1024.41 by "failing to provide the Plaintiff[] with a specific reason or reasons for denial of all loan workout alternatives prior to posting [her] home for foreclosure." (Doc. No. 1-1 at 8). Section 1024.41 explicitly provides a private right of action. *See* 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."); *Gresham*, 642 Fed.Appx. at 359. Plaintiff may enforce violation of 12 C.F.R. § 1024.41 pursuant to 12 U.S.C. 2605(f). Under 12 U.S.C. 2605(f), whoever fails to comply with this provision may be liable for "an amount equal to the sum of . . . any actual damages to the borrower as a result of the failure; and . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege actual damages resulting from a violation of 12 C.F.R. § 1024.41. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir.2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.").

Plaintiff's Petition makes only the conclusory allegation that "Defendant[] [has] violated at least RESPA procedures causing Plaintiff[] to suffer actual damages." (Doc. No. 1-1 at 9). While Plaintiff states in her Response that these actual damages "include the assessment of fees and

penalties for the delay in payment of escrowed taxes," Plaintiff does not plead these damages in her Petition. (Doc. No. 13 at 6). Further, even considering these fees and penalties, Plaintiff does not plead a plausible causal relationship between these alleged damages and Defendant's alleged violation of 12 C.F.R. § 1024.41. Indeed, Plaintiff testified that she submitted her loan modification application after Defendant had allegedly negligently handled Plaintiff's property tax payments. Thus, Plaintiff allegedly incurred these fees and penalties *before* Defendant even obtained Plaintiff's submitted loan modification application. Plaintiff, therefore, has not pleaded actual damages resulting from Defendant's alleged violation of 12 C.F.R. § 1024.41. Accordingly, Plaintiff has failed to state a plausible claim for relief under 12 C.F.R. § 1024.41.

The Court grants Defendant's Motion to Dismiss regarding Plaintiff's RESPA claims.

### III.   Plaintiff's Negligence Claim

Third, Defendant contends Plaintiff's negligence claim should be dismissed because (1) it is barred by the economic loss doctrine since the relationship between Plaintiff and Defendant is contractual in nature; and (2) even if not barred by the economic loss doctrine, Plaintiff cannot state a cognizable claim for negligence because she cannot establish that Defendant owed Plaintiff a legal duty. (Doc. No. 6 at 7–8).

Notably, Plaintiff's Response addresses this claim as a "breach of contract" claim concerning Defendant failing to "pay taxes from escrow" and inflating "Plaintiff's monthly payment without cause." (Doc. No. 13 at 7–9). Plaintiff's Petition, however, titles this claim, "Negligence in Servicing the Loan and Breach of Contract" and proceeds to lay out allegations aligning with the elements of negligent misrepresentation. *See* (Doc. No. 1-1 at 9–10) ("Defendant represented to Plaintiff that it was her responsibility . . . to pay the property taxes, which was false. Defendant made the representation in the course of [D]efendant's business. Defendant made the

representation for the guidance of others."). Accordingly, the Court treats this claim as a negligent misrepresentation claim.

The economic loss doctrine generally "preclude[s] tort claims brought to recover economic losses when those losses are the subject matter of a contract." *Pugh v. General Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 90 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). "Simply stated, under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim." *Sterling Chemicals, Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). If parties are in contractual privity, "a plaintiff may not bring a claim for negligent misrepresentation unless the plaintiff can establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." *Id.* at 797. The burden is on the plaintiff to provide evidence of the independent injury. *Id.*

Plaintiff alleges in her Petition that Defendant's negligent misrepresentations resulted in Plaintiff "facing the foreclosure of her primary residence and all of the costs, both economic and emotional, that go along with that experience." (Doc. No. 1-1 at 10). Additionally, Plaintiff sought "declaratory relief that Defendant/Lender is not entitled to foreclose" and requested that the state court grant her request for a TRO (which it did). (*Id.*). Importantly, Plaintiff also sought this relief in her breach of contract claim: "Plaintiff seeks declaratory relief that Defendant/Lender is not entitled to foreclose and requests that this court grant the request for a [TRO]." *See* (Doc. No. 1-1 at 7–8).

Since Plaintiff's only alleged damages for her negligence claim concern the foreclosure on her Property subject to the Deed of Trust at issue between the parties, Plaintiff's damages are not sufficiently "distinct, separate, [or] independent from the economic losses recoverable under [her]

10

breach of contract claim." *Sterling Chemicals, Inc.*, 259 S.W.3d at 797. Indeed, as discussed above, Plaintiff herself seems to confuse her negligence and breach of contract claims, as evidenced in her pleadings. See (Doc. No. 13 at 7–9) (discussion of this claim titled "Breach of Contract – Defendant failed to pay taxes from escrow and inflated Plaintiff's monthly payment without cause"); (Doc. No. 1-1 at 9–10) (discussion of this claim titled "Negligence in Servicing the Loan and Breach of Contract"). The economic loss doctrine, therefore, bars Plaintiff's negligence claim.

Accordingly, the Court grants Defendant's motion to dismiss regarding Plaintiff's negligence claim. Plaintiff's negligence claim is dismissed with prejudice.

## IV.    Plaintiff's Requests for Injunctive Relief and Attorney Fees

Lastly, Defendant maintains that Plaintiff's requests for injunctive relief, attorney's fees, and any other damages should be denied since Plaintiff cannot prevail on any of her substantive claims. (Doc. No. 6 at 8). The Court agrees with Defendant that these requests should be dismissed as each relies on an underlying claim, and all of Plaintiff's underlying substantive claims fail. *See Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."); *Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at *10 (S.D. Tex. Jan. 22, 2013) ("[B]ecause Plaintiffs have not pled any viable causes of action, their request for exemplary damages and attorney's fees should be dismissed.").

Accordingly, the Court denies without prejudice Plaintiff's requests for injunctive relief, attorney's fees, and any other damages.

## V.    Plaintiff's Request for Leave to Amend

In her Response, Plaintiff requests that the Court grant her leave to amend her Petition under Fed. R. Civ. P. 15(a)(2). *See* (Doc. No. 13 at 9). Defendant contends Plaintiff's request

11

should be denied because any amendments to her Petition would be "futile" and Plaintiff does not support her request with any "additional facts or substance that she would allege in an amended complaint that would survive a motion to dismiss under Rule 12(b)(6)." (Doc. No. 14 at 4–5).

Under Rule 15(a)(2), courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, the defects in Plaintiff's breach of contract claim, 12 C.F.R. § 1024.39 RESPA claim, and negligence claim are incurable. Each of these claims contained defects that cannot be cured with additional facts or substance—the breach of contract claim was dismissed due to Plaintiff's prior default, the 12 C.F.R. § 1024.39 claim was dismissed because that provision does not provide a private cause of action, and the negligence claim was dismissed because it is barred by the economic loss doctrine.

The Court will, however, allow Plaintiff to amend her Petition regarding her 12 C.F.R. § 1024.41 RESPA claim. Here, it is not clear that the defects in this claim are incurable—Defendant does not argue that Plaintiff does not have any actual damages related to this claim, but rather that she did not *plead* that she did. As such, the Court finds it appropriate to grant Plaintiff leave to

12

amend her complaint to cure pleading deficiencies regarding only her RESPA claim under 12 C.F.R. § 1024.41.

Defendant's Motion to Dismiss is granted, but Plaintiff is given leave to replead this claim if she does so by April 24, 2026. If she fails to do so, this Court will dismiss the case. If Plaintiff does replead timely, Defendant will have 21 days to respond as it deems appropriate.

## CONCLUSION

Based on the foregoing analysis, the Court **CONDITIONALLY GRANTS** Defendant's Motion to Dismiss. (Doc. No. 6). All of Plaintiff's claims, other than her RESPA claim under 12 C.F.R. § 1024.41, are hereby dismissed. Plaintiff is granted leave to amend her complaint as to the 12 C.F.R. § 1024.41 RESPA claim only if she does so by April 24, 2026. Failure to comply with this deadline will result in dismissal.

Signed on this 2 day of April 2026.

Andrew S. Hanen
United States District Judge

13